```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
             HAMMOND DIVISION
```

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:01-CR-48 |
| ) | |
| Phillip T. Charleston, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Relief from Final Judgement [SIC], Order, or Proceeding Pursuant to Rule 60(b)(6), filed by Phillip T. Charleston on March 6, 2009. For the reasons set forth below, the motion is **DISMISSED** for want of jurisdiction.

BACKGROUND

In 2001, Phillip T. Charleston ("Charleston") was charged in a multi-count indictment with several charges including carjacking and firearms charges. Charleston was found guilty following a jury trial of all counts that were tried. One count was, however, dismissed prior to trial. This Court sentenced Charleston to a total term of imprisonment of 492 months. Charleston filed a direct appeal which was dismissed.

In November of 2004, Charleston filed a petition pursuant to 28 U.S.C. section 2255. This Court issued an order denying that motion in January of 2006. Charleston responded by filing a motion for a certificate of appealability, which was denied. Charleston attempted

to appeal nonetheless, but his appeal was ultimately dismissed for failure to comply with Circuit Rule 3(c). Charleston filed a second appeal of the judgment in July of 2008. This appeal is dismissed for lack of jurisdiction. Charleston also attempted to appeal this Court's denial of a motion to dismiss he filed in September of 2008. That appeal was dismissed for failure to timely pay the required docketing fee.

Now, Charleston has filed the instant Rule 60(b)(6) motion. The instant motion is now ripe for adjudication.

DISCUSSION

In the instant motion, Charleston argues that this Court erred by allowing the Government to constructively amend the indictment at the beginning of trial. Charleston is making reference to this Court's decision, on the first day of trial, to grant the Government's motion to dismiss Count three of the indictment by inter-lineation instead of Count two, which had previously been dismissed. Although titled a Rule 60(b) motion, the motion is, in substance, a motion pursuant to 28 U.S.C. section 2255. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." (emphasis in original)). Because the motion is substantively a section 2255 petition, this Court lacks jurisdiction to entertain it in the absence of a grant of permission from the Seventh Circuit. *Id.*

CONCLUSION

For the reasons set forth above, the motion is **DISMISSED** for want of jurisdiction.

DATED: March 10, 2009				/s/RUDY LOZANO, Judge
						United States District Court