UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:01 CR 48 |
| ) | |
| PHILLIP TIMOTHY CHARLESTON ) | |

## OPINION and ORDER

This matter is before the court on defendant Phillip Charleston's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 254.) For the reasons that follow, the motion is granted.

In 2002, Charleston was sentenced by Judge Rudy Lozano to 492 months' imprisonment. This sentence reflected concurrent terms of 108 months' imprisonment for Counts 1, 4, and 6 (for robbery, carjacking, and being a felon in possession of a firearm), a consecutive term of 84 months' imprisonment on Count 2 (for carrying a firearm during a crime of violence), and a consecutive term of 300 months' imprisonment on Count 5 (for carrying a firearm during a crime of violence). (DE ## 69, 71, 256.) Judge Lozano's imposition of a 492-month sentence reflected a sentence at the low end of the advisory guideline range of 492 - 519 months' imprisonment. (*See* DE # 256.)

In sentencing defendant, the court found that Charleston's total offense level was 30, and his criminal history category was II, producing an advisory guidelines range of 108 - 135 months' imprisonment on Counts 1, 4, and 6. (DE ## 256, 261.) In calculating his criminal history category, Charleston received three total criminal history points,

two of which were "status points" because he committed the offenses in this case while he was on probation. Without these status points, Charleston would have one criminal history point and a criminal history category of I. This would reduce his advisory guidelines range on Counts 1, 4, and 6 to 97 - 121 months, and his total advisory guidelines range to 481 - 505 months. (*See* DE # 256.)

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Under the new provision, a defendant who otherwise has seven or more criminal history points is awarded one additional "status" criminal history point (instead of two) if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(e). Status points are not awarded to a defendant who otherwise has six or fewer criminal history points. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Charleston, through appointed counsel, now moves for a reduction in his sentence pursuant to Amendment 821. (DE # 254.) Charleston requests that the court resentence him to 97 months' imprisonment on Counts 1, 4, and 6, the low end of his

2

new guidelines range. The Government opposes defendant's motion. (DE # 261.)

**A.      Defendant's Eligibility Under Amendment 821**

The court may reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission, after considering the applicable 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Here, the parties agree that defendant is eligible for a reduction in sentence under Part A of Amendment 821, which eliminates defendant's status points from his criminal history calculation and lowers his sentencing range on Counts 1, 4, and 6. The parties also agree that Amendment 821 has no effect on Charleston's consecutive sentences on Counts 2 and 5. Because Charleston's sentencing range is reduced by Amendment 821, he is eligible for a reduction.

**B.      Is A Reduction Warranted Under § 3553(a)?**

The court must next consider whether a reduction in sentence is warranted under the applicable § 3553(a) factors and U.S.S.G. § 1B1.10, the applicable Sentencing Commission policy statement. Having considered the relevant factors, this court finds that a reduction in sentence on Counts 1, 4, and 6 to 97 months' imprisonment is warranted. The court finds that this term of imprisonment is a sentence sufficient, but not greater than necessary, to reflect the seriousness of Charleston's offenses, provide just punishment for those offenses, protect the public, and afford adequate deterrence to

future criminal conduct.

The Government argues that a reduction in sentence is not warranted in this case based on the nature and circumstances of Charleston's offenses, and his conduct in prison. The Government emphasizes the underlying facts in this case, including Charleston's (thwarted) intent to kill the UPS driver he robbed. Charleston's offenses were indeed very serious, and the seriousness of those offenses is well-represented in a reduced total sentence of 481 months' imprisonment.

As for his post-sentencing conduct, the Government emphasizes the number of times Charleston has been sanctioned while in prison. The defense counters that the timeline of these sanctions, rather than merely the number of sanctions, tells the full story of Charleston's rehabilitation in prison.

Charleston has been sanctioned repeatedly in the 24 years he has been in the Bureau of Prisons' (BOP) custody. It seems he regularly committed disciplinary infractions upon first arriving at the BOP. His most serious offense appears to be an incident in which he was found guilty of setting a fire. (DE # 256.) However, as the defense notes, many of these incidents (including the fire) occurred prior to his sentencing, were included in the presentence investigation report, and were presumably taken into consideration by Judge Lozano in formulating Charleston's original sentence.

Post-sentencing, Charleston was sanctioned on multiple occasions between 2002 and 2007. (*Id.*) He then went nearly four years without discipline, until 2011 when he

4

was sanctioned for assaulting without serious injury. Charleston's disciplinary offenses in the last ten years have been infrequent and minor in nature. He has been sanctioned for: threatening bodily harm (2015); refusing to obey an order (2017); possession of stolen property (2017); mail abuse (2022); and engaging in a group demonstration (2023). The court finds that, given Charleston's young age at the time of his incarceration, and the significant decrease in both the frequency and severity of his disciplinary offenses over the last decade, Charleston has shown significant strides toward rehabilitation. This finding is bolstered by Charleston's other attempts to better himself while incarcerated, including completing 41 classes, obtaining his GED, and completing an electric utility work apprenticeship.

In determining that an 11-month reduction in sentence is warranted in this case, this court has also considered the fact that if Charleston were sentenced today he would be subject to a much lower statutory minimum term of imprisonment. The passage of the First Step Act in 2018 eliminated the Government's ability to charge, or "stack," offenses under 18 U.S.C. § 924(c) that had not yet become final so that a defendant received the enhanced statutory penalties meant for repeat offenders. *See United States v. Black*, 131 F.4th 542, 543 (7th Cir. 2025). At sentencing, Judge Lozano was required by statute to sentence Charleston to mandatory consecutive terms of seven and twenty-five years on Counts 2 and 5, respectively, pursuant to § 924(c). If Charleston were similarly charged and convicted today for the same conduct, he would face two statutory seven-year consecutive terms of imprisonment, rather than the consecutive seven and twenty-

5

five year terms. His guidelines range if sentenced today would be 265 - 289 months, instead of his current guidelines range of 481 - 505 months.

The court is permitted to consider the non-retroactive change in the law when deciding whether to lower Charleston's sentence under Amendment 821. When substantive legal changes entitle a prisoner to be resentenced, the district court may consider intervening changes of law or fact, including non-retroactive changes in the law. *See Concepcion v. United States*, 597 U.S. 481, 500 (2022). Moreover, under § 3553(a)(6), "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" Such a disparity would be present here, where Charleston is serving 18 years more than he would if he were convicted and sentenced post-First Step Act.

All in all, the court finds that sentencing Charleston to the low end of the new guidelines range is a sentence sufficient, but not greater than necessary, to meet the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation.

### C. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for a reduction in sentence pursuant to Sentencing Guidelines Amendment 821 and 18 U.S.C. § 3582(c)(2). (DE # 254.) Defendant's terms of imprisonment on Counts 1, 4, and 6 are reduced to 97 months (to be served concurrently), or to time served (whichever is

greater). All other terms and conditions of defendant's original sentence, including the consecutive terms of imprisonment for Counts 2 and 5, remain unaltered.

**SO ORDERED.**

Date: May 12, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT