UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 48 |
| | ) | |
| PHILLIP TIMOTHY CHARLESTON | ) | |

## OPINION and ORDER

This matter is before the court on defendant Phillip Charleston's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (DE # 270.) For the reasons that follow, the motion will be denied.

## I.  BACKGROUND

In 2002, Charleston was sentenced by Judge Rudy Lozano to 492 months' imprisonment. This sentence reflected concurrent terms of 108 months' imprisonment for Counts 1, 4, and 6 (for robbery, carjacking, and being a felon in possession of a firearm), a consecutive term of 84 months' imprisonment on Count 2 (for carrying a firearm during a crime of violence), and a consecutive term of 300 months' imprisonment on Count 5 (for carrying a firearm during a crime of violence). (DE ## 69, 71, 256.)

On May 12, 2025, this court granted Charleston's motion for a reduction in sentence pursuant to Sentencing Guidelines Amendment 821. (DE # 267.) Defendant's terms of imprisonment on Counts 1, 4, and 6 were reduced to 97 months (to be served concurrently), or to time served (whichever is greater), with all other terms and conditions of defendant's original sentence remaining unaltered.

Charleston, proceeding through retained counsel, now moves for compassionate release. (DE # 270.) He argues that changes in the law after his sentencing created a sentencing disparity that may serve as the basis for compassionate release.

## II.   LEGAL STANDARD

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, there are a handful of statutory exceptions to this rule. Under one such exception, a court may grant a convicted defendant compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Here, defendant's motion fails to identify any extraordinary and compelling reason for release, so his motion must be denied.

## III.  ANALYSIS

Charleston argues that he has an extraordinary and compelling reason for compassionate release based on the Sentencing Commission's November 2023 amendment to its policy statement in § 1B1.13 of the Sentencing Guidelines. The Sentencing Commission added § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under

2

>    § 3582(c)(1)(A)(i)], but only where such change would produce a gross
>    disparity between the sentence being served and the sentence likely to be
>    imposed at the time the motion is filed, and after full consideration of the
>    defendant's individualized circumstances.

The Sentencing Commission limited this provision with its simultaneous addition of § 1B1.13(c), which states in relevant part, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Charleston argues that the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Dean v. United States*, 137 S.Ct. 1170 (2017), constitute a change in the law that qualifies him for compassionate release under § 1B1.13(b)(6). In *Booker*, the Supreme Court held that the mandatory sentencing structure of the Guidelines violates the Sixth Amendment, and held that the Guidelines are advisory only. In *Dean*, the Supreme Court held that a sentencing court may offset a statutory-minimum sentence under § 924(c) by adjusting the sentence for any other offense, allowing for the possibility of a lower overall sentence. However, neither of these changes applied retroactively. *McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005) (*Booker* does not apply retroactively); *Worman v. Entzel*, 953 F.3d 1004, 1011 (7th Cir. 2020) (*Dean* does not apply retroactively).

The Seventh Circuit has held that non-retroactive judicial decisions cannot serve as the basis for compassionate release. "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and

compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022); *see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

"[A] legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir.), *reh'g denied sub nom. United States v. Vader*, No. 22-1798, 2023 WL 3230513 (7th Cir. May 3, 2023), *and cert. denied sub nom. Vader v. United States*, 144 S. Ct. 388 (2023).

> [T]he sort of 'extraordinary and compelling' circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively.

*Id.* (citing 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10).[1]

The court recognizes that *Brock*, *King*, and *Martin* were decided in an interim period when courts lacked an applicable policy statement from the Sentencing

---

[1] The court notes that the Supreme Court recently granted certiorari to decide the following question: "Whether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255." *Fernandez v. United States*, No. 24-556, 2025 WL 1496486, at *1 (U.S. May 27, 2025). However, at this time, the court is bound by Seventh Circuit precedent barring defendants from establishing an extraordinary and compelling reason for compassionate release based on substantive challenges to the sentence.

Commission as to what constituted an 'extraordinary and compelling' reason for compassionate release motions brought by prisoners. *See United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025) (detailing history of compassionate release case law after passage of First Step Act.) After *Brock*, *King*, and *Martin* were issued, the Sentencing Commission amended its policy statement to add § 1B1.13(b)(6). Section 1B1.13(b)(6) directly conflicted with the Seventh Circuit's earlier decision in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), which held that a non-retroactive amendment in the First Step Act could not serve as the basis for compassionate release because the discretionary authority conferred by § 3582(c)(1)(A) cannot be used to effect a sentencing reduction at odds with Congress' express determination that the amendment applies prospectively only. In *Black*, the Seventh Circuit found that it's holding *Thacker* should prevail in this conflict, finding that *Thacker* "remains binding law, and the Commission's attempt to say otherwise [by promulgating § 1B1.13(b)(6)] exceeds its statutory authority." 131 F.4th at 543. Although *Black*'s holding was specific to § 924(c), the Seventh Circuit recently held in an unpublished decision that *Black* "reinforces the district court's intuition that nonretroactive changes in law may not be considered extraordinary and compelling reasons for relief." *United States v. Griffin*, No. 24-1970, 2025 WL 1659278, at *1 (7th Cir. June 12, 2025). A pair of unpublished decisions issued by the appellate court just a few days ago affirm this position. *See United States v. Davis*, No. 24-2624, 2025 WL 1983883, at *1 (7th Cir. July 17, 2025) (rejecting compassionate release under § 1B1.13(b)(6) on the basis that judicial decisions cannot

5

alone amount to an extraordinary and compelling reason for compassionate release); *United States v. Whited*, No. 24-2849, 2025 WL 1693519, at *1 (7th Cir. June 17, 2025) (same).

As the foregoing history demonstrates, the Seventh Circuit has been steadfast in its position that non-retroactive changes, whether in statute or in case law, do not qualify as a basis for compassionate release. Accordingly, the non-retroactive changes wrought by *Booker* and *Dean* cannot served as the basis for compassionate release. *See United States v. Duncan*, No. 22-1155, 2022 WL 4008717, at *2 (7th Cir. Sept. 2, 2022) (unpublished) (holding, based on *Thacker*, that change in law wrought by *Dean* is not an extraordinary and compelling reason for compassionate release); *United States v. O'Neill*, 735 F. Supp. 3d 994, 1024 (E.D. Wis. 2024) (holding, based on *Thacker*, that change in law wrought by *Booker* is not an extraordinary and compelling reason for compassionate release).

To the extent that § 1B1.13(b)(6) would permit a subsequent judicial decision, such as *Booker* or *Dean*, to qualify as an extraordinary and compelling reason for compassionate release, § 1B1.13(b)(6) exceeds the Sentencing Commission's authority and is invalid. The Sentencing Commission's policy statements cannot conflict with federal statute, and permitting a defendant to use compassionate release to circumvent the statutory pathways for, and limitations on, a defendant's ability to challenge his underlying sentence, would do just that.

Charleston's attempt to use the compassionate release statute to substantively challenge his underlying sentence based on non-retroactive judicial opinions is not permitted. Charleston has not identified any reason, alone or in combination with other reasons, that qualifies as extraordinary or compelling.

### III. CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 270).

**SO ORDERED.**

Date: July 25, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT